PETER JURCZYK, PLAINTIFF, v. LEHIGH VALLEY RAILROAD COMPANY, A PENNSYLVANIA CORPORATION, DEFENDANT.

Submitted May 15, 1931—Decided October 5, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff, Harry Spitzer.

For the defendant, Collins & Corbin (Edward A. Markley, of counsel).

PER CURIAM.

The plaintiff, a boiler house fireman, was injured on February 2d, 1929, by hot ashes falling and burning his face and body. His duties were to assist in the removal of ashes from the fire pits to cars outside a building in defendant's yard. The removal was accomplished by a chute. Means were provided for either moving the chute or the car into which the chute was loading if the chute became clogged. The plaintiff and other employes had received instructions how to do the work and had been told, under no circumstances to climb upon the cars while being loaded.

The plaintiff's testimony was to the effect that when he went up on a car for the purpose of starting the ashes flowing from the chute or pipe which had become clogged, he struck the pipe with a hammer to loosen the ashes, and through a hole in the pipe the hot ashes escaped and fell on him and burned him. There was no other testimony to indicate that the chute was defective. In fact, there was an abundance of credible testimony that the chute was in perfect order. Since the place of work was dark, the plaintiff is not to be believed when he says he saw the hole that night, and his testimony that he saw it two months after the accident is not material. However, aside from the question of the failure of the plaintiff to establish, by the weight of evidence, that his injuries were due to the negligence of the employer, it seems to us obvious that the injury was sustained by reason of striking the chute, containing ashes actuated by hot steam, with a hammer. The plaintiff was familiar with the conditions at the place of work, having been steadily employed there for some little time, and must have assumed the risks incident to his employment. We think that the proofs clearly show that plaintiff was so negligent in that which he did that the injuries he suffered were due to his own negligence rather than any fault proved to charge the employer with liability.

The rule will be made absolute.